UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARWIN A. SPEARS, <br><br> Plaintiff, <br><br> v. <br><br> JIM McDONNELL, et al., <br><br> Defendants. | Case No. CV 17-4356 FMO(JC) <br><br> MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

## I. BACKGROUND AND SUMMARY

On June 12, 2017, plaintiff Darwin Spears, who is in custody, is proceeding *pro se*, and has been granted leave to proceed *in forma pauperis*, filed a Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 against multiple defendants. On October 18, 2017, this Court screened the Complaint, notified plaintiff of multiple deficiencies therein, dismissed the Complaint with leave to amend and directed plaintiff, within twenty (20) days, to file a First Amended Complaint or a signed Notice of Dismissal ("October Order"). The October Order further expressly cautioned plaintiff in bold-faced print that the failure timely to file a First Amended Complaint or a Notice of Dismissal may be deemed plaintiff's admission that amendment is futile and may result in the dismissal of this action,

1

with or without prejudice, on the grounds set forth in the October Order, on the ground that amendment is futile, for failure diligently to prosecute, and/or for failure to comply with the October Order.

As the October Order was returned undelivered on November 20, 2017, and as the Magistrate Judge determined that plaintiff's address of record was unchanged, but that his prisoner number had been changed (as he had apparently been released and readmitted to the institution in issue), the Magistrate Judge, in an order dated December 11, 2017 ("December Order') directed the Clerk to re-serve plaintiff with the October Order, extended plaintiff's deadline to comply with the October Order and to file either a First Amended Complaint or a Notice of Dismissal to January 2, 2018, and again cautioned plaintiff in bold-faced print that his failure timely to file a First Amended Complaint or a Notice of Dismissal may be deemed plaintiff's admission that amendment is futile and may result in the dismissal of this action on the grounds set forth in the October Order, on the ground that amendment is futile, for failure diligently to prosecute this action, and/or for failure to comply with the Court's Order. The December Order was not returned. Plaintiff did not file a First Amended Complaint or a Notice of Dismissal by the deadline set forth in the December Order.

As the Magistrate Judge learned on January 17, 2018, that the Clerk had inadvertently failed to re-serve plaintiff with the October Order as called for by the December Order, the Magistrate Judge, on the same date, issued another order ("January Order") which again directed the Clerk forthwith to re-serve plaintiff with the October Order, further extended to February 6, 2018, plaintiff's deadline to comply with the October Order and to file either a First Amended Complaint or a Notice of Dismissal, and again cautioned plaintiff in bold-faced print that his failure timely to file a First Amended Complaint or a Notice of Dismissal may be deemed plaintiff's admission that amendment is futile and may result in the dismissal of this action on the grounds set forth in the October Order, on the

ground that amendment is futile, for failure diligently to prosecute this action, and/or for failure to comply with the Court's Orders.

On February 14, 2018 and March 12, 2018, the Magistrate Judge granted plaintiff's requests for extensions of time to file a First Amended Complaint or a Notice of Dismissal (respectively "February Order" and "March Order") and ultimately extended such deadline to April 15, 2018. The February and March Orders again cautioned plaintiff in bold-faced print that his failure timely to file a First Amended Complaint or a Notice of Dismissal may be deemed plaintiff's admission that amendment is futile and may result in the dismissal of this action on the grounds set forth in the October Order, on the ground that amendment is futile, for failure diligently to prosecute this action, and/or for failure to comply with the Court's Orders.

Plaintiff's latest extended deadline to file a First Amended Complaint or a Notice of Dismissal expired on April 15, 2018 – more than two weeks ago. To date, plaintiff has failed to file a First Amended Complaint or a Notice of Dismissal.

**II. DISCUSSION**

Based upon the record and the applicable law, and as further discussed below, the Court dismisses this action due to plaintiff's failure to state a claim upon which relief can be granted, his failure to comply with the October Order (with the extended deadlines afforded by the December, January, February and March Orders), and his failure diligently to prosecute.

First, as explained in detail in the October Order, the Complaint failed to state a claim upon which relief may be granted. The October Order explained in detail what plaintiff needed to do to cure the deficiencies in his pleading. The October Order, as extended by the December, January, February and March Orders, granted plaintiff ample leave to file a First Amended Complaint to the extent he was able to cure the multiple identified pleading deficiencies. The

October, December, January, February and March Orders all cautioned plaintiff that the action may be dismissed if he failed timely to file a First Amended Complaint or a Notice of Dismissal. Since plaintiff failed to file a First Amended Complaint despite having been given an opportunity to do so, the Court can only conclude that plaintiff is simply unable or unwilling to draft a complaint that states viable claims for relief and deems such failure an admission that amendment is futile. See, e.g., Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.") (emphasis in original), cert. denied, 135 S. Ct. 57 (2014). Accordingly, dismissal of the instant action based upon plaintiff's failure to state a claim is appropriate.

Second, dismissal is appropriate based upon plaintiff's failure to comply with the October Order, as extended by the December, January, February, and March Orders, and the failure diligently to prosecute. It is well-established that a district court may *sua sponte* dismiss an action where a plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors,

namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).[1] Here, as at least the first three factors strongly support dismissal, the Court finds that plaintiff's unreasonable failure to prosecute his case and failure to comply with the October Order, as extended by the December, January, February and March Orders, warrants dismissal.

**III.  ORDER**

IT IS THEREFORE ORDERED that this action is dismissed and that the Clerk enter judgment accordingly.

DATED: May 11, 2018

_____/s/_____
HONORABLE FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

---

[1] Where a plaintiff is proceeding *pro se*, a court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted). A district judge may not dismiss an action for failure to comply with a court order or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous. Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.). Here, as noted above, plaintiff was notified of the deficiencies in the Complaint and afforded the opportunity to amend effectively. Further, the October Order was not erroneous.

5